IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF SOMERSET.

ARGUED AT JUNE TERM, 1846.

WILLIAM METCALF, *Adm'r. versus* SAMUEL H. HILTON.

A debtor who discloses property in his hands in "any bank bills, notes, accounts, bonds or other choses in action," is not entitled to have the poor debtor's oath administered to him until he has complied with the provisions of the statute of 1839, c. 412, by having appraisers appointed to appraise off property, so disclosed, sufficient to pay the debt.

THE facts in the case appear in the opinion of the Court, so far as it respects the subject matter of the opinion. Nothing is said in the proceedings, in any way, respecting appraising the notes disclosed.

It also appeared, that the justices adjourned their examination from the twenty-third day of one month to the third day of the next month.

*Adams,* for the plaintiff, among other objections, contended that the debtor should have caused the notes disclosed to have been appraised; and should have assigned them to the creditor. He cited *Harding* v. *Butler,* 21 Maine R. 191.

*Bronson,* for the defendant.

The opinion of the Court, TENNEY J. having been counsel for the plaintiff, taking no part in the decision, was drawn up by

WHITMAN C. J. — This is an application for a *certiorari* with a view to a reversal of the proceedings before two justices of the quorum, under the statutes of 1835, c. 195, and 1836, c. 245, for the relief of poor debtors, the defendant having given bond, as by those statutes is provided, on being arrested on execution in favor of the petitioner, in which he was admitted to take the oath prescribed in said statutes, in order to save the forfeiture of the penalty of his bond. The petition sets forth that there is manifest error in the record and proceedings of the justices, and particularly specifies sundry instances of such errors. We, however, do not deem it essential to go into a consideration of the errors particularly insisted upon, as we deem the proceedings defective on another ground. In *Harding* v. *Butler,* 21 Maine R. 191, it was held, the debtor disclosing property in his hands in "any bank bills, notes, accounts, bonds or other choses in action," was not entitled to have the oath administered to him till he had complied with the provisions of the act of 1839, c. 412, by having appraisers appointed to appraise off property, so disclosed, sufficient to pay the debt. In the proceedings before the justices it does not appear, that any such appraisers were selected or appointed preliminarily to the admission of the debtor to take the oath. And it appears that the debtor disclosed, as his property, one note signed by John Ruggles, dated April 18, 1835, for $500, payable in one year from its date, with interest, and one note signed by Randall Fish, Abner Knowles and John Ruggles, dated April 29, 1835, for $2755, payable in two years from its date, with interest payable annually. We think, therefore, that a writ of *certiorari* should be issued.